# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DENNIS HINES, | Case No.: 2:17-cv-01688-APG-CWH |
| Plaintiff | **Order Denying Objection to Magistrate Judge Order and Denying Motion to Dismiss as Moot** |
| v. | |
| CLEARWATER PARPER CORP., | [ECF Nos. 7, 48] |
| Defendant | |

Plaintiff Dennis Hines filed suit against defendant Clearwater Paper Corp., asserting various claims related to his former employment with Clearwater. ECF Nos. 1, 4. Magistrate Judge Ferenbach held an early neutral evaluation on April 5, 2018, at which the parties signed a settlement agreement. ECF Nos. 32; 39 at 8-9.

About two months later, Hines filed a motion to stay the case, indicating he believed Judge Ferenbach was not neutral during the evaluation session. ECF No. 33. The defendants moved to enforce the settlement. ECF No. 37. Judge Ferenbach denied the motion to stay and granted the motion to enforce the settlement. ECF Nos. 38, 47. He ruled that the parties had reached a complete settlement and that Hines signed the agreement after being given a chance to deliberate outside of Judge Ferenbach's presence. ECF No. 47 at 6. According to Judge Ferenbach, he expressed his opinion that the settlement was likely in Hines' best interest, but ultimately Hines was free to accept or reject the offer. *Id.* at 7. Judge Ferenbach thus granted the defendants' motion to enforce the settlement.

Hines objects. ECF No. 48. He airs various grievances with the defendants related to his employment and contends he has witnesses who will support his claims. *Id.* at 3, 10-11. He also refers to a broad variety of topics, including jurisdiction, discovery, filing complaints about

judicial officers, when settlements should be private or confidential, witness tampering, and the tax consequences of settlements. *Id.* at 2-9. The defendants respond that Hines does not articulate a basis for his objection to Judge Ferenbach's order granting the motion to enforce.

Because Judge Ferenbach's order effectively disposes of Hines' claims in this case, I conduct a de novo review. 28 U.S.C. § 636(b)(1). A "district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). The court "may enforce only *complete* settlement agreements." *Id.* (emphasis in original). Summary enforcement is inappropriate "where material facts concerning the existence or terms of a settlement agreement are in dispute." *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994).

Hines' objection does not offer any basis to overturn Judge Ferenbach's order. He does not identify material facts that are in dispute about the existence or scope of the settlement agreement. He does not deny that he signed the agreement and he does not identify any missing material terms. Nor did he request an evidentiary hearing, either before Judge Ferenbach or in his objection.

In other filings, Hines has stated that he "feel[s he] was forced" to sign the agreement, and that Judge Ferenbach called him stupid and told him that he was likely to lose and end up having to pay $185,000. ECF Nos. 33 at 6; 45 at 2. At a June 11, 2018 hearing in front of Judge Ferenbach, Hines stated that during the early neutral evaluation, Judge Ferenbach called him a "stupid man"[1] and told him he would be liable for $185,000 in attorney's fees, so he felt forced to sign.

---

[1] Judge Ferenbach denied he called Hines "stupid." Judge Ferenbach did note that Hines was representing himself and was unaware of how to proceed in federal court.

As set forth in Local Rule 16-6(a), an early neutral evaluation "is for the evaluating magistrate judge to give the parties a candid evaluation of the merits of their claims and defenses." During the session, the magistrate judge must "[a]ssess the relative strengths and weaknesses of the parties' contentions and evidence, and carefully explain the reasoning that supports them." LR 16-6(g)(3). The magistrate judge also must "[e]stimate, where feasible, the likelihood of liability and the range of damages" and "[a]ssist the parties to realistically assess litigation costs." LR 16-6(g)(5), (7).

Judge Ferenbach's candid evaluation of Hines' case during the early neutral evaluation does not amount to "forcing" Hines to sign the settlement agreement. The fact that Hines faced a difficult choice after being confronted with the range of possible outcomes if he did not agree to the settlement does not amount to duress or coercion.[2] *Cf. Whitman v. Warden, Nev. State Prisons*, 529 P.2d 792, 793 (Nev. 1974) ("A guilty plea is not coerced merely because motivated by a desire to avoid the possibility of a higher penalty."). Once Hines accepted the settlement agreement's terms and signed it, it became binding and he is not free to change his mind and reject it after the fact. I therefore overrule the objections and order the parties to comply with the settlement agreement's terms.

IT IS THEREFORE ORDERED that plaintiff Dennis Hines' objection **(ECF No. 48) is OVERRULED** and Judge Ferenbach's order **(ECF No. 47) is accepted**.

IT IS FURTHER ORDERED that the parties must comply with the settlement agreement within 45 days of the date of this order.

/ / / /

---

[2] Thus, there is no need for an evidentiary hearing because even if Judge Ferenbach expressed severe skepticism about the viability of Hines' claims, that is within the purview of a judge conducting an early neutral evaluation.

3

IT IS FURTHER ORDERED that defendant Clearwater Paper Corp.'s motion to dismiss (ECF No. 7) is DENIED as moot.

DATED this 21st day of August, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE